(61 Misc. Rep. 610.)

ROSENBERG v. DIELE et al.

(Supreme Court, Appellate Term. January 8, 1909.)

1. BAILMENT (§ 16*)—CONVERSION—NEGLIGENCE—ASSERTION OF DOMINION.

Conversion will not lie by the owner of a horse against a bailee, because of the latter's omission to place the horse in a barn at night, whereby it escaped or was stolen; there being no exercise of dominion by the bailee, but merely a negligent omission to comply with his contract of bailment.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 64–74; Dec. Dig. § 16.*]

2. JUDGMENT (§ 249*)—CONFORMITY TO PLEADINGS.

A recovery in conversion for the value of a horse cannot be sustained, where that action would not lie under the circumstances, and defendant did not consent to the determination of plaintiff's claim upon any other theory than that of conversion, as presented by the pleadings.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 435; Dec. Dig. § 249.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Rosenberg against William Diele and another, constituting the firm of Diele & Co. From a judgment for plaintiff, defendants appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Chilton & Goldstein, for appellants.
Leopold W. Harburger, for respondent.

BISCHOFF, J. Taking the evidence in the view most favorable to the plaintiff, the loss of his horse, when in the control of the defendants as bailees, was due to the latters' omission to place the animal in a barn at night, as they had agreed, with the result that it escaped or was stolen from the pasture. Under such circumstances an action of conversion will not lie. The element of an exercise of dominion over the property, to the exclusion of the true owner, is lacking, and a deviation from the contract of bailment only in the form of a negligent omission, as distinguished from an affirmative act indicating the bailee's wrongful assumption of control, is not a conversion. Wamsley v. Atlas S. S. Co., 168 N. Y. 533, 61 N. E. 896, 85 Am. St. Rep. 699; Laverty v. Snethen, 68 N. Y. 522, 23 Am. Rep. 184. There having been no consent upon the appellants' part to the determination of the plaintiff's claim upon a theory at variance with the pleadings, the recovery cannot be upheld.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes